**IN THE DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**HANNA'S CANDLE CO.** **PLAINTIFF**

**v.** **CASE NO.: CV-5:09-cv-05262**

**ROSS SYSTEMS, INC.** **DEFENDANT**

**RESPONSES TO PLAINTIFF'S SECOND MOTION TO
COMPEL SUPPLEMENTAL DISCOVERY RESPONSES**

Comes now the Defendant/ Counter-Plaintiff, Ross Systems, Inc. ("Ross"), by and through its attorneys, Kutak Rock LLP, and for its Responses to Plaintiff's Second Motion to Compel Supplemental Discovery Responses does state and allege as follows:

Ross agrees with the Plaintiff, Hanna's Candles Co.'s ("Hanna's") resuscitation of the procedural background of this case. As such, Ross will now address Hannah's various Requests for Production:

## I. SECOND REQUEST FOR PRODUCTION NO. 1

SECOND REQUEST FOR PRODUCTION NO. 1: Hard drive of Ross' Computer used by Rajan Gupta in 2008-2009.

RESPONSE: Counsel for the Defendant objects to this request to the extent it seeks information or documentation relating to activities, transactions and operations that are not limited to the Hanna's Candle account. Such requests are overly broad, overly burdensome, and not calculated to lead to discoverable information. Further, this request seeks information or documentation that has no bearing on the Plaintiff's claims, nor does the information sought have any bearing on the causal relationship between the allegations contained in the Plaintiff's Second Amended Complaint and any damages claimed. These requests are nothing more than a fishing expedition that is outside the scope of discoverable information as contemplated by Rule 26 of the Federal Rules of Civil Procedure. Without waiving these objections, please see the emails, estimated implementation costs, and numerous other documents already produced from Mr. Gupta's computer. Further, through information and belief, Mr. Gupta's hard-drive was corrupted by a virus and is no longer functional.

Ross renews those objections set forth above and reiterates that Request No. 1 is not reasonably calculated to lead to discoverable information.

HCC's stated purpose for obtaining Gupta's hard drive is to identify problems with other Ross accounts. *See Plaintiff's Second Motion to Compel Supplemental Discovery Responses*, p. 3 ("he was a key person involved in the development of the Data Collection software product which, according to the Ross sales person, **proved a disaster at other sites.**") This argument fails for two separate reasons.

First, HCC is being assisted by consulting expert, Mr. Norm Cohen, who – through information and belief – has contacted former Ross customers and convinced them to initiate lawsuits against Ross across the country. Given these circumstances, it appears that HCC's true purpose for obtaining this information is not related to the present case, but instead, is intended to provide Mr. Cohen with a resource to initiate more business for himself in the future. This is an abuse of the discovery process as contemplated by Rule 26.

Second, HCC may contend that information on other problems accounts is relative to its claim for punitive damages. The problem with this arguments is that (1) all of Gupta's other accounts – which the exception of one – were outside of the State of Arkansas; and (2) it is a violation of due process to allow a jury to "consider activity by a defendant that occurred in another state when assessing an award for punitive damages." *FMC Corp., Inc., v. Helton*, 360 Ark. 465, 477, 202 S.W.3d 490, 499 (2005) (*citing BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003)).[1]

---

[1] The only other account within Arkansas was AERT who is currently involved in litigation against Ross. It would obviously be contrary to public policy for HCC to request punitive

In *State Farm Mut. Auto Ins. Co. v. Campbell*, the United States Supreme Court found that the Plaintiff's various causes of action "was used as a platform to expose, and punish, the perceived deficiencies of State Farm's operations throughout the country." 538 U.S. at 420. The Court concluded it was error for the lower courts to rely on evidence of out-of-state activities when assessing punitive damages, stating "a defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages" and "a defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." *Id.* at 422-23.

The Arkansas Supreme Court proved willing and able to follow the Supreme Court in the *Helton* case. In *Helton*, Plaintiff's counsel introduced evidence at trial that the same harmful chemical product, Fury, used on crops in Arkansas was applied to crops in Mississippi. *Helton*, 360 Ark. at 477. On appeal, the court found this evidence was used to show a pattern or scheme on the part of FMC. *Id.* The court thought it possible this evidence was considered by the jury in its assessment of punitive damages and therefore the appellants due process rights were violated. *Id.* at 478. The court held that on remand "any evidence regarding any events related to the use of [the chemical] Fury in Mississippi may not be introduced into evidence." *Id.* Applying the court's reasoning in *State Farm* and *Helton*, it is clear that evidence of out-of-state accounts is inadmissible to support HCC's claim for punitive damages. As such, there are no other valid purposes for seeking the information on Gupta's hard drive.

In the alternative, if the court finds that this evidence is discoverable, then Ross respectfully requests that the scope of the discovery be limited. In this case, HCC has taken Mr. Gupta's deposition and had an opportunity to identify any relevant discovery documents that

---

damages against Ross for actions against AERT, when the same company has asked for punitive damages itself. This situation would allow for double recovery which is prohibited by this court.

they are not already in possession of. Instead of limiting the scope of its request with a description of the documents requested, HCC has asked for Gupta's entire hard drive. As such, this request is nothing more than an overly-broad fishing expedition that is outside the scope of Rule 26. If HCC was truly interested in identifying previous accounts that share the same problems they have allegedly experienced, then its discovery request should be tailored accordingly. As it is written, this request is overly broad.

Finally – and further in the alternative – given the proprietary and confidential nature of the information on Mr. Gupta's hard-drive, Ross would request that a comprehensive protective order be put in place prior to the production of any documents requested.

## II. **SECOND REQUEST FOR PRODUCTION NO. 2**

SECOND REQUEST FOR PRODUCTION NO. 2: Hard drive of Ross' Computer used by Kenneth Rau while employed by Ross.

RESPONSE: Counsel for the Defendant objects to this request to the extent it seeks information or documentation relating to activities, transactions and operations that are not limited to the Hanna's Candle account. Such requests are overly broad, overly burdensome, and not calculated to lead to discoverable information. Further, this request seeks information or documentation that has no bearing on the Plaintiff's claims, nor does the information sought have any bearing on the causal relationship between the allegations contained in the Plaintiff's Second Amended Complaint and any damages claimed. If there is a particular document – or set of documents – that Plaintiff seeks, then Ross would request a more specific description that would enable Ross to identify the document and produce the same. As written, this request is overly broad and amounts to a fishing expedition that is outside the scope of discoverable information as contemplated by Rule 26 of the Federal Rules of Civil Procedure. Without waiving these objections, please see the emails, trip reports, work orders, executive update, budget reconciliation, and numerous other documents already produced from Mr. Rau's computer.

Ross renews those objections set forth in its response to Request for Production No. 2. Further, Ross reiterates those arguments set forth in its discussion of Request for Production No. 1.

## III. SECOND REQUEST FOR PRODUCTION NO. 3

> SECOND REQUEST FOR PRODUCTION NO. 3: Allow Plaintiff's expert to inspect the Source Code which Hanna's returned to Ross [HCC application server node "irenaissance" directory path: e/Ross/Soft/Rosserp63/*.*]
>
> RESPONSE: Counsel for the Defendant objects to this request as it is overly broad, overly burdensome, and not calculated to lead to discoverable information. Further, this request seeks information or documentation that has no bearing on the Plaintiff's claims, nor does the information sought have any bearing on the causal relationship between the allegations contained in the Plaintiff's Second Amended Complaint and any damages claimed. Without waiving these objections, Plaintiffs are already in possession of all Trip Reports and Work Orders pertaining to the Hanna's Candle account, which outline all modifications to the ERP system performed by Ross consultants. Discovery is ongoing and this response will be supplemented pursuant to an agreed upon protective order.

Ross renews those objections set forth above and reiterates that Request No. 3 is overly broad, overly burdensome, and not calculated to lead to discoverable information. In the alternative, given the proprietary nature of the Source Code, Ross would request that a comprehensive protective order be put in place prior to any production in response to this Request.

WHEREFORE, Defendant, Ross Systems, Inc. prays that Plaintiff's Motion to Compel be denied in its entirety, for judgment in excess of the amount required for federal jurisdiction, for its costs and attorney fees incurred herein, and for all other just and proper relief which this Court may deem appropriate.

DATED the 19th day of July, 2010.

Respectfully submitted,

**KUTAK ROCK LLP**

By: /s/ Jeff Fletcher
John G. Trice, AR 93145
Jeff Fletcher, AR 2005129
The Brewer Building, Suite 400
234 East Millsap Road
Fayetteville, AR 72703-4099
(479) 973-4200 Telephone
(479) 973-0007 Facsimile

ATTORNEYS FOR DEFENDANTS,
ROSS SYSTEMS

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing to be served on the following counsel of record via ECF this 19th day of July, 2010:

Jonathan A. Azrael
John R. Solter Jr., Esquire
Azrael, Gann & Franz, LLP
101 E. Chesapeake Ave. Fifth Floor
Baltimore, MD 21286

Thomas D. Stockland
STOCKLAND & TRANTHAM, P.A.
P.O. Box 1723
Fayetteville, AR 72702-1723

/s/ Jeff Fletcher